NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0265n.06

No. 24-3462

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | May 30, 2025 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| MICHAEL D. LOLLAR, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: GRIFFIN, LARSEN, and MATHIS, Circuit Judges.

PER CURIAM. Michael D. Lollar challenges the substantive reasonableness of his within-Guidelines sentence for a firearm offense. As set forth below, we affirm Lollar's 35-month sentence.

Lollar pleaded guilty to an indictment charging him with possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). At sentencing, the district court calculated a Guidelines range of 30 to 37 months of imprisonment based on a total offense level of 17 and a criminal history category of III. Lollar did not object to the district court's calculation of the Guidelines range but requested a sentence "somewhere in the range of 20 to 25 months." After addressing the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Lollar to 35 months of imprisonment followed by three years of supervised release.

In this timely appeal, Lollar challenges the substantive reasonableness of his sentence, arguing that the district court did not properly balance the § 3553(a) factors and should have imposed a lesser sentence. We review the substantive reasonableness of Lollar's sentence under

a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). "Simply put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020). We afford a presumption of substantive reasonableness to a within-Guidelines sentence like Lollar's 35-month sentence. *See United States v. Gardner*, 32 F.4th 504, 530 (6th Cir. 2022). "But a defendant can rebut this presumption if a district court chose a sentence arbitrarily, ignored pertinent § 3553(a) factors, or gave unreasonable weight to any single factor." *Id.*

With respect to the nature and circumstances of the offense, *see* 18 U.S.C. § 3553(a)(1), Lollar argues that his firearm possession "was not the worst form of the offense," asserting that he was found with "a firearm in a car during a traffic stop," that the firearm "was not a high caliber assault weapon" and did not have a "laser scope or extended magazine," and that he did not brandish the firearm or flee from police officers. When officers stopped Lollar's vehicle for traffic violations, he initially complied with the officers' instructions but then refused to return to the vehicle as instructed, in an apparent attempt to prevent the officers from discovering the firearm in the back seat of the vehicle. After detaining Lollar due to an outstanding arrest warrant, the officers observed the firearm—a semiautomatic rifle—which they learned was loaded. Although Lollar minimizes the nature and circumstances of his firearm possession, the district court aptly pointed out that his "conduct during the traffic stop attempted to avoid the consequences of his offense."

Lollar argues that his history and characteristics, particularly his criminal record, warranted a lesser sentence. *See* 18 U.S.C. § 3553(a)(1). He asserts that he was raised by his mother and

that he has four young children; the district court specifically acknowledged these facts. Citing U.S.S.G. § 4A1.3(b)(1), Lollar contends that a downward departure may be warranted when the defendant's criminal history category substantially over-represents the seriousness of his criminal history or the likelihood that he will commit future crimes. But Lollar did not move for a downward departure under that policy statement. His criminal history includes convictions for aggravated robbery, aggravated assault, aggravated burglary, and kidnapping arising out of a home invasion in 2006 when he was 20 years old. According to Lollar, his criminal history is over-represented considering the age of these convictions and his youth at the time. But Lollar also had more recent convictions for coercion and pandering: when he was 28 years old, he acted as a pimp for two females, one of whom was 13 years old. In addition to these convictions, he had numerous probation and parole violations over the years, including one as recent as 2019. As the district court noted, Lollar's criminal history "spans almost two decades" and "includes serious and dangerous offenses."

With respect to the need to afford adequate deterrence and protect the public, *see* 18 U.S.C. § 3553(a)(2)(B)–(C), Lollar contends that he is "reformed" and "ready to be a productive member of society." Lollar cites his support from his family and relationship with his children, which the district court also acknowledged. But as the district court stated, neither his family responsibilities nor his prior sentences, including a lengthy one, had deterred him from engaging in further criminal conduct. The district court further noted that, "despite a history that includes serious criminal offenses, he was caught in this case with a loaded rifle, which endangers the community."

Lollar has failed to overcome the presumption that his within-Guidelines sentence is substantively reasonable. The record shows that the district court reasonably weighed the relevant

§ 3553(a) factors and did not act arbitrarily in selecting a 35-month sentence.  Accordingly, we

**AFFIRM** Lollar's sentence.